| | |
|---|---|
| JOSE LORENZO MORALES,<br><br>    Plaintiff,<br><br>v.<br><br>GAMBOA, et al.,<br><br>    Defendants. | 1:17-cv-01673-JLT (PC)<br><br>**ORDER SETTING SETTLEMENT CONFERENCE**<br><br>**DATE: March 19, 2019**<br>**TIME: 9:00 a.m.** |

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

The parties responded to this Court's order referring the case to the post-screening ADR project that they believed a settlement conference would be beneficial in this case. (Docs. 25, 26.) Therefore, this case will set for a settlement conference before the undersigned at the U. S. District Court, 510 19th Street, Bakersfield, California 93301 in Courtroom #6 on March 19, 2019, at 9:00 a.m. The Court will issue a separate transportation order in due course. Thus, the Court **ORDERS**:

1. This case is set for a settlement conference on March 19, 2019, at 9:00 a.m., before Magistrate Judge Jennifer L. Thurston at the U. S. District Court, 510 19th Street, Bakersfield, California 93301, Courtroom #6.
2. Defendants' lead counsel and a person with full and unlimited authority to negotiate and enter into a binding settlement on defendants' behalf shall attend in person.[1]

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences . . ." *United*

1

3. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

4. **No later than January 30, 2019**, Plaintiff **SHALL** submit to Defendants, by mail, a written itemization of damages and a meaningful settlement demand, which includes a brief explanation of why such a settlement is appropriate, not to exceed ten pages in length.

5. **No later than February 20, 2019**, Defendants **SHALL** respond, by telephone or in person, with an acceptance of the offer or with a meaningful counteroffer, which includes a brief explanation of why such a settlement is appropriate. If settlement is achieved, defense counsel is to immediately inform the Courtroom Deputy of Magistrate Judge Thurston.

6. If settlement is not achieved informally, Defendants are directed to submit confidential settlement statements **no later than March 10, 2019** to the following email address: jltorders@caed.uscourts.gov. Plaintiff shall mail his confidential settlement statement to the court at the above address so it arrives **no later than March 10, 2019**. The envelope shall be marked "Confidential Settlement Statement." Parties shall also file a "Notice of Submission of Confidential Settlement Statement." (*See* Local Rule 270(d).)

/ / /

---

*States v. United States District Court for the Northern Mariana Islands*, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989), *cited with approval in Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. *Pitman v. Brinker Int'l., Inc.,* 216 F.R.D. 481, 485-86 (D. Ariz. 2003), *amended on recon. in part, Pitman v. Brinker Int'l., Inc.*, 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. *Pitman*, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 596-97 (8th Cir. 2001).

Settlement statements **should not be filed** with the Clerk of the Court **nor served on any other party**. Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon. The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

    a. A brief statement of the facts of the case.

    b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

    c. An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

    d. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

    e. A brief statement of each party's expectations and goals for the settlement conference, including how much a party is willing to accept and/or willing to pay.

    f. If the parties intend to discuss the joint settlement of any other actions or claims not in this suit, give a brief description of each action or claim as set forth above, including case number(s) is applicable.

IT IS SO ORDERED.

    Dated: __**January 14, 2019**__            ___**/s/ Jennifer L. Thurston**___
                                                                 UNITED STATES MAGISTRATE JUDGE