# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LORENZO MORALES,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GAMBOA, et al.,<br><br>　　　　　Defendants. | 1:17-cv-01673-JLT (PC)<br><br>**ORDER ON PLAINTIFF'S MOTION TO DISMISS POST-SCREENING ADR PROJECT**<br><br>**(Doc. 28)** |

　　　　On January 16, 2019, Plaintiff filed a document titled "Motion to Dismiss Post-Screening Alternative Dispute Resolution Project, Conferences Within 30 Days and Amend Forwith (sic) to Maximize Resolution with Defendants." (Doc. 28.) Plaintiff seeks to amend his pleadings in this action and to initiate immediate settlement discussions with defense counsel via telephone conferences rather than waiting for the settlement conference scheduled for March 19, 2019. The order that referred the case to the Post-Screening ADR Project stayed this action to facilitate settlement. (Doc. 23.) Plaintiff's motion is thus construed as a motion to lift the stay so that he might file an amended complaint.

　　　　A district court has the inherent power to stay its proceedings. This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also Gold v. Johns-Manville Sales Corp.*, 723 F.2d

1

1068, 1077 (3d Cir.1983) (holding that the power to stay proceedings comes from the power of every court to manage the cases on its docket and to ensure a fair and efficient adjudication of the matter at hand). This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. In determining whether a stay is warranted, courts consider the potential prejudice to the non-moving party; hardships or inequities to the parties; and the judicial resources that would be saved by simplifying the case or avoiding duplicative litigation if the case before the court is stayed. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.1962).

The Ninth Circuit "has sustained or authorized in principle *Landis* stays on several occasions," *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir.2005), all of which furthered resolution of the actions and lessened judicial involvement. *See CMAX, Inc.*, 300 F.2d 265 (stay affirmed where a common carrier by air sued shippers in multiple actions for moneys on alleged failure to pay the full amount of the government approved tariff so that highly technical tariff questions, probative in all of the cases, could be developed); *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857 (9th Cir.1979) (truck drivers sued their employer for unpaid wages under the federal Fair Labor Standards Act ("FLSA") (count I), and under their collective bargaining agreement (count II), stay for arbitration proceedings under the Federal Arbitration Act affirmed); *Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458 (9th Cir.1983) (suit to enforce a contract forming a joint venture which contained an arbitration clause, district court held that the clause applied to some but not all of the counts in the complaint, stayed the entire suit pending arbitration, not limited to the counts subject to arbitration as arbitrable and non-arbitrable counts in the complaint overlapped a great deal both factually and legally warranted the stay.); *contra Lockyer*, 398 F.3d at 1112 (finding injunctive relief action against ongoing and future harm brought by Attorney General would be damaged by stay).

The stay was imposed in this action "to allow the parties to investigate the plaintiff's claims, meet and confer and participate in a settlement conference" (Doc. 23, p. 1) based on the Court's experience that the later settlement negotiations take place, the more monies will have been expended in defending the action which otherwise might have been available in settlement

to Plaintiff. In other words, Plaintiff's best opportunity to receive the highest sum to resolve this action is likely before defense efforts are initiated. This weighs heavily in preserving the stay for potential settlement.

Further, Plaintiff requests the stay be lifted to allow him to amend his pleadings. However, at least on what Plaintiff presents in his motion, such amendment will likely not be allowed since the statements in Plaintiff's motion are little more than generalized conclusory legal statements that need not be accepted as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), which are not linked to actions by any individual state actors, *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011). Thus, amending the complaint is likely to be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Loehr v. Ventura County Community College Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984) (*Foman* factors to be considered when assessing the propriety of leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether prior amendment has occurred.)

Accordingly, Plaintiff's motion, filed on January 16, 2019 (Doc. 28), to lift the stay imposed by the Order Referring the Case to Post-Screening ADR Project, (Doc. 23), is DENIED. The plaintiff is encouraged to make a settlement offers and engage in settlement discussions immediately and as previously ordered (Doc. 27).

IT IS SO ORDERED.

Dated: **January 18, 2019**      **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE