UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LORENZO MORALES,<br><br>                    Plaintiff,<br><br>         v.<br><br>R. TORRES, et al.,<br><br>                    Defendants. | Case No. 1:17-cv-01673-AWI-JLT (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Docs. 54, 67) |

Plaintiff Jose Lorenzo Morales is a state prisoner proceeding *in forma pauperis* in this civil rights action under 42 U.S.C. §1983. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. §636(b)(1)(B) and Local Rule 302.

On July 3, 2019, the defendants filed a motion for summary judgment on the grounds that Plaintiff failed to exhaust administrative remedies prior to filing suit. (Doc. 54.) Plaintiff filed an opposition on November 19, 2019 (Doc. 65), to which Defendants filed a reply (Doc. 66).

On December 27, 2019, the assigned magistrate judge issued findings and recommendations to grant Defendants' motion for summary judgment. (Doc. 67.) The magistrate judge found that, although Plaintiff exhausted an administrative grievance in December 2016, that grievance failed to exhaust the claims in this action because it "neglected to name the defendants in [the] grievance and to provide sufficient information to allow CDCR to identify them." (Id. at 5, 7, 8.) The magistrate judge further found that the exception to proper exhaustion outlined in

*Reyes v. Smith*, 810 F.3d 654 (9th Cir. 2016), does not apply to this case. (Id. at 9-10.) Lastly, the magistrate judge found that Plaintiff failed to show that administrative remedies were effectively unavailable to him, and thus he was not excused from failing to exhaust. (Id. at 7, 10-11.)

Plaintiff filed objections to the findings and recommendations on February 7, 2020. (Doc. 72.) Defendants filed a reply to the objections on February 19, 2020. (Doc. 73.) In his objections, Plaintiff argues that *Reyes v. Smith*, *supra*, does apply to this case, and that Plaintiff exhausted all the remedies that were available to him. (Doc. 72 at 3-5.)

In accordance with the provisions of 28 U.S.C. section 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiff's objections and Defendants' reply, the Court finds the findings and recommendations to be supported by the record and proper analysis. The Court agrees that Plaintiff failed to properly exhaust administrative remedies with respect to the claims in this action, and the exception to proper exhaustion provided in *Reyes* does not apply. The Court also agrees that Plaintiff does not meet his burden in showing that administrative remedies were unavailable.

Accordingly, the Court ORDERS:

1. The findings and recommendations issued on December 27, 2019 (Doc. 67) are ADOPTED in full;
2. Defendants' motion for summary judgment (Doc. 54) is GRANTED;
3. This action is DISMISSED without prejudice for failure to exhaust administrative remedies; and,
4. The Clerk of the Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated:   December 15, 2020

SENIOR DISTRICT JUDGE

2